**NOT FOR PUBLICATION**                                                         **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANESSA L. MCQUEEN, | Civil Action No.: 09-3937 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES**, District Judge.

Presently before this Court is Plaintiff Vanessa L. McQueen's Appeal seeking review of a final determination by the Administrative Law Judge ("ALJ") denying her application for disability insurance benefits pursuant to §§ 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Jurisdiction to review this matter is proper under 42 U.S.C. § 405(g) and 1383(c)(3). This Court has considered the parties' submissions in support of and in opposition to the instant appeal and decides this matter without oral argument pursuant to the Federal Rule of Civil Procedure 78. For the reasons set forth herein, this Court finds that the ALJ's determination that there are jobs existing in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience, and limited residual functional capacity ("RFC") is not supported by substantial evidence. The Court, therefore, remands this matter.

**I.      PROCEDURAL HISTORY**

Plaintiff filed a Title II application for Disability Insurance Benefits and a Title XVI

application for Supplemental Security Income payments on November 21, 2003. (R. at 45.) Plaintiff alleged disability beginning May 13, 2003. (Id. at 30.) Both claims were denied initially and upon reconsideration. Plaintiff has had four hearings before three different ALJs, each of whom determined that Plaintiff was not disabled within the meaning of the Social Security Act. (See id.) After Plaintiff appealed the first two unfavorable decisions, the Appeals Council issued two orders vacating the ALJ decisions and remanding them for new hearings. (See id.) Plaintiff appeared and testified at a supplemental hearing on May 28, 2008, during which ALJ Donna Krappa found that Plaintiff was not disabled. (Id. at 45.) Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. The appeal was denied on February 23, 2009. (Id. at 18.) Plaintiff now requests that this Court review the decision of the ALJ.

## II. LEGAL STANDARD

### A. Determining Disability

Pursuant to the Social Security Act, a claimant is required to show that he is disabled based on his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Taking into consideration his age, education, and work experience, disability will be evaluated by the claimant's ability to engage in any form of substantial gainful activity existing in the national economy. Id. at § 423(d)(2)(A). If he can perform substantial gainful activity within the national economy, then he will not be considered disabled. Id. Each claimant's disability is determined individually based on evidence adduced at a hearing. See Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000) (citing Heckler v. Campbell, 461 U.S. 458, 461

(1983)); 42 U.S.C. § 405(b)(1).

The Social Security Administration has developed a five-step process set forth in the Code of Federal Regulations for evaluating the legitimacy of a plaintiff's disability. 20 C.F.R. § 404.1520. At step one, the plaintiff must establish that he is not currently engaging in substantial gainful activity. Id. at § 404.1520(a)(4)(i). If the plaintiff is engaged in substantial gainful activity, the claim for disability benefits will be denied. Id.; see also Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 140 (1987)). At step two, if the plaintiff is not working, he must establish that he suffers from a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the plaintiff fails to demonstrate a severe impairment, the ALJ must deny disability benefits. Id.

If the plaintiff suffers a severe impairment, step three requires the ALJ to determine, based on the medical evidence, whether the impairment matches or is equivalent to a listed impairment found in the "Listing of Impairments" located in 20 C.F.R. § 404, Subpart P, Appendix 1. Id. at 404.1520(a)(4)(iii); see also Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000). If it does, the plaintiff is automatically disabled. 20 C.F.R. § 404.1520(d). The Third Circuit has required that, in determining whether the plaintiff's impairments meet or equal any of the listed impairments, the ALJ identify relevant listed impairments, discuss the evidence, and explain his reasoning. See Burnett, 220 F.3d at 119-20. Conclusory statements at this step of the analysis are inadequate and render the decision "beyond meaningful judicial review." Id. at 119.

If the plaintiff does not suffer from a listed severe impairment or an equivalent, the ALJ proceeds to step four. An step four, the ALJ must consider whether the plaintiff "can still do [his] past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "This step involves three substeps:

(1) the ALJ must make specific findings of fact as to the claimant's residual functional capacity; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work." Burnett, 220 F.3d at 120.

The plaintiff "bears the burden of proof for steps one, two and four of [the five-step] test." Sykes, 228 F.3d at 263. Neither side bears the burden of proof in step three because "step three involves a conclusive presumption based on the listings." Id. at 263 n.2 (citing Yuckert, 482 U.S. at 146-47 n.5)).

If the plaintiff cannot perform the past work, the analysis proceeds to step five. In this final step, the burden of production shifts to the Commissioner to determine whether there is any other work in the national economy that the plaintiff can perform. 20 C.F.R. §404.1520(a)(4)(v); see also Sykes, 228 F.3d at 263. In demonstrating that there is existing employment in the national economy that the plaintiff can perform, the ALJ can utilize the medical-vocational guidelines (the "grids") from Appendix 2 of the regulations, which consider age, physical ability, education and work experience. 20 C.F.R. § 404, Subpt. P, App. 2. However, when determining the availability of jobs for plaintiffs with exertional and non-exertional impairments,[1] "the government cannot satisfy its burden under the Act by reference to the grids alone," because the grids only identify "unskilled jobs in the national economy for claimants with exertional impairments who fit the criteria of the rule at the various functional levels." Sykes, 228 F.3d at

---

[1] Under the Code of Federal Regulations, impairments can be either exertional or non-exertional. Exertional impairments affect the plaintiff's "ability to meet the strength demands of jobs" in terms of "sitting, standing, walking, lifting, carrying, pushing, and pulling." 20 C.F.R. § 404.1569a. All other impairments are considered non-exertional. Id.; see also Sykes, 228 F.3d at 263.

269-70. Instead, the Commissioner must utilize testimony of a "vocational expert or other similar evidence, such as a learned treatise," to establish whether the plaintiff's non-exertional limitations diminish his residual functional capacity and ability to perform any job in the nation. Id. at 273; see also Burnett, 220 F.3d at 126 ("A step five analysis can be quite fact specific, involving more than simply applying the Grids, including . . . testimony of a vocational expert."). If this evidence establishes that there is work that the plaintiff can perform, then he is not disabled.

### B. Standard of Review

"Substantial evidence" is the standard of proof in disability insurance benefit cases. Substantial evidence is "more than a mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). The court has a duty to review the evidence in its totality and decide whether the ALJ's determination was reasonable. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). The court gives deference to the administrative findings and decision, but it also must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. See Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). The court, however, is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Sullivan, 970 F.2d at 1182. To assist the court in this process, an ALJ must explain the rationale behind his decision. And, where there is conflicting medical evidence, the ALJ must adequately explain in the record his reasons for rejecting competent evidence. Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986).

III.    DISCUSSION

    A. Summary of the ALJ's Findings

At step one, the ALJ found that Plaintiff was not engaged in substantial gainful activity. At step two, the ALJ concluded that Plaintiff had the following severe impairments: HIV infection and affective disorder. At step three, however, the ALJ found that these impairments do not meet or medically equal in severity any of the clinical criteria for the Listed Impairments. At step four, the ALJ found that Plaintiff had the RFC to perform "light work." But, the ALJ also found that this RFC was limited as follows: permission to stand/stretch three to five minutes every forty-five minutes during the time seated during the workday; at least three breaks during the workday of a minimum of fifteen minutes each; only occasional fine manipulation with both hands; no exposure to temperature extremes and humidity; simple and unskilled work, involving one or two steps; low stress (requiring only the occasional change in work setting/decision making during the work day); no close proximity to others; and only occasional contact with supervisors, co-workers, or the general public. (R. at 34.) The ALJ also concluded that Plaintiff did not have the capacity to perform any past relevant work as a secretary/receptionist since that work is semi-skilled and involves decision-making and contact with other people. (Id. at 43.) Finally, at step five, the ALJ concluded that, based on Plaintiff's age, education, work experience, limited RFC, and the opinion of a vocational expert, Rocco Meola, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including "produce weigher, assembler, parts cleaner, sorter and inspector." (Id. at 44.) As a result, the ALJ concluded that Plaintiff was not disabled under the meaning of the Social Security Act since work existed in significant numbers in the national economy ("regionally in numbers of

approximately 1,500 and nationally in numbers of approximately 45,000") which Plaintiff is capable of performing. (Id.)

### B. Analysis

Plaintiff argues that the ALJ's disability determination was not supported by substantial evidence because it was based upon flawed vocational expert testimony at step five. This Court agrees.

At step four, the ALJ found that Plaintiff had the RFC to perform "light work." However, the ALJ also found specific limitations to this RFC, as identified above. Because Plaintiff could not perform the full range of light work, vocational expert, Rocco Meola, was called to testify as to whether, given all these factors, jobs for Plaintiff nevertheless existed in the national economy. Mr. Meola confirmed that such jobs, in fact, existed (e.g., produce weigher, assembler, parts cleaner, sorter, and inspector) and that they "require gross manipulation and do not require fine manipulation." (Id. at 668.) However, this information is inconsistent with the definitions of jobs such as casting-plug assembler and basket assembler which clearly require fine finger manipulation. (See Pl.'s Reply at 2; Def.'s Br. at 8.) Also, while there may be jobs in the categories of produce weigher, assembler, parts cleaner, sorter, and inspector that Plaintiff can, in fact, perform, the information provided by the vocational expert and found by the ALJ was insufficient to make a proper determination as to whether there are a substantial amount of those jobs in the national economy that Plaintiff can perform, given the limitations to her RFC as found by the ALJ. Consequently, the ALJ's decision to deny Plaintiff disability status is not supported by substantial evidence and requires a remand on the specific issue of the existence of those jobs in substantial amounts.

In this case, the vocational expert identified jobs which were in conflict with the RFC limitations found by the ALJ.  Therefore, those jobs cannot form the basis for the requisite substantial evidence upon review to support a denial of disability status.  But, the Court also finds that the Boone case cited by both counsel is distinguishable from the facts in the instant case.  See Boone v. Barnhardt, 353 F.3d 203, 210 (3d Cir. 2004).  In Boone, the claimant's RFC required the option to sit and stand at will every thirty minutes, while the RFC of Plaintiff in this case requires only the option to stand/stretch for three to five minutes every forty-five minutes.

Relying on Social Security Ruling ("SSR") 83-12, Plaintiff argues that there are no jobs in the national economy that would accommodate the combination of exertional and non-exertional limitations found by the ALJ and argues that the stand and stretch limitation alone precludes work.  (Pl.'s Br. at 9 (citing Boone, 353 F.3d at 210).)  SSR 83-12 states that, if a person "must alternate periods of sitting and standing[,] . . . [she] is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work . . . or the prolonged standing or walking contemplated for most light work."  (SSR 83-12.)  On the other hand, Defendant argues that this provision "does not dictate that such an individual cannot perform any work," rather it provides that "in cases of 'unusual limitation of ability to sit or stand, a [vocational source] should be consulted to clarify the implications for the occupational basis.'"  (Def.'s Br. at 7 (quoting SSR 83-12).)  The distinguishing factors between this case and Boone are important to factor in when considering Plaintiff's and Defendant's respective SSR 83-12 arguments.  Plaintiff relies too heavily on Boone with respect to SSR 83-12.  The stand and stretch option contemplated by ALJ Krappa in this case does not preclude work by any means.

In light of the foregoing, this matter is remanded to the ALJ who should again consult with a vocational expert and determine with greater specificity whether, in light of the RFC and the specific limitations found, a substantial amount of jobs exists in the national economy that Plaintiff can perform. On remand, particular attention should be paid to the distinction between whether jobs require fine or gross finger manipulation.

## IV.   CONCLUSION

The Court finds that the ALJ's determination that there are jobs existing in significant numbers in the national economy that Plaintiff can perform, considering her age, education, work experience, and limited RFC, is not supported by substantial evidence. The Court remands the matter for further analysis in accordance with this Opinion. An appropriate Order accompanies this Opinion.

DATED: September 21, 2010         /s/ Jose L. Linares
                                  JOSE L. LINARES
                                  UNITED STATES DISTRICT JUDGE